IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE RUBEN SHEAD, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:18-mc-0080-S (BT) | |
| § | | |
| PAUL J. JOHNSON, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, Plaintiff's petition to perpetuate testimony under Fed. R. Civ. P. 27(a) has been referred to the United States Magistrate Judge for findings, conclusions, and a recommendation. For the following reasons, the magistrate judge recommends that the petition be denied.

I.

Plaintiff is a state prisoner and is proceeding *pro se*. He filed this petition seeking to depose attorney Paul J. Johnson to substantiate a future breach of contract complaint he intends to file against Johnson. Plaintiff claims he and Johnson entered an oral contract for Johnson to represent him in a state habeas petition. He states he paid Johnson $8,000 under the contract, but Johnson failed to perform. Plaintiff alleges his petition to perpetuate testimony should be granted because Johnson has many clients and may forget about the contract if Plaintiff is required to file suit before seeking Johnson's deposition.

II.

A petition to perpetuate testimony brought under Fed. R. Civ. P. 27(a) allows a person, under certain limited circumstances, to perpetuate testimony prior to filing suit. *See In re Eisenberg*, 654 F.2d 1107, 1111 (5th Cir. 1981). Rule 27(a)(1) requires:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E).

Here, Plaintiff fails to meet the requirements of Rule 27. "Rule 27 necessarily requires that the anticipated action be cognizable only in a federal court." *See Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (per curiam) (citing *Dresser Indus. Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979)). Plaintiff's breach of contract claim, however, is not cognizable in federal court. The petition raises no federal question jurisdiction, nor does it alleged diversity jurisdiction. Instead, Plaintiff lists his address as Beeville, Texas and Johnson's

address as Dallas, Texas. Plaintiff has therefore failed to meet the requirements of Fed. R. Civ. P. 27(a).

Plaintiff has also failed to show that he cannot presently file his breach of contract complaint. He may file his complaint and seek to depose Johnson in that case. *See Wood v. Tex. Dept. of Criminal Justice Rehabilitation & Re-Entry Program*, 419 Fed. Appx. 471, 473 (5th Cir. 2011) (per curiam) ("There was nothing to prevent [plaintiff] from filing a complaint and seeking discovery after the court completed its judicial screening of the case.") (citing *Eisenberg*, 654 F.2d at 1112)). Plaintiff's petition to perpetuate testimony is without merit and should be denied.

### III.

The Court recommends that Plaintiff's petition to perpetuate testimony under Fed. R. Civ. P. 27(a), and all pending motions, be denied.

Signed November 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (extending the time to file objections to 14 days).